IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OIENNA JACKSON, as appointed guardian ) <br> of NATHANIEL TAYLOR ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ) <br> CITY OF CHICAGO, et al ) <br> ) <br> Defendants. ) | No. 16 C 8803 <br><br> Hon. Charles R. Norgle, J. <br><br> Hon. Susan E. Cox, M.J. |

**DEFENDANT MATTHEW JACKSON'S ANSWER AND
AFFIRMATIVE DEFENSES**

Defendant, OFFICER MATTHEW JACKSON ("Officer Jackson"), by his attorney,

ERIC S. PALLES of RAVITZ & PALLES, P.C., in answer to the Complaint, states as follows:

Jurisdiction/Venue

1. This incident occurred on about September 9, 2015, in the City of Chicago, Cook County, Illinois.

**ANSWER:** Officer Jackson admits the allegations contained in this paragraph.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act,42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a);and the Constitution of the United States.

**ANSWER:** Officer Jackson admits the jurisdiction of this Court.

Parties

3. Plaintiff Oeinna Jackson is the aunt of nineteen-year-old Nathaniel Taylor. They live in Chicago, Illinois. On September 9, 2016, Oeinna Jackson was appointed Nathaniel's legal guardian by a Circuit Court Judge in Cook County. Nathaniel has a cognitive disability—on May 3, 2016, he was reported by a physician to have an IQ of 44.

**ANSWER:** Officer Jackson lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.

4. At all relevant times pertinent to this occurrence Defendant Officer Matthew Jackson ("Defendant Jackson") was acting within the course and scope of his employment with the City of Chicago, in Cook County, Illinois, and he was acting under color of law.

**ANSWER:** Officer Jackson admits that he is employed as a Chicago police officers and, at certain times during this occurrence, he exercised his police powers.

Facts

5. On September 9, 2015, the Plaintiff was walking through the yard of the Defendant Officer Jackson in the City of Chicago, Cook County, Illinois, when he was beaten by Defendant Jackson, a City of Chicago police officer.

**ANSWER:** Officer Jackson admits that Plaintiff was in his yard on September 9, 2015. Officer Jackson further admits that he is a City of Chicago police officer. He denies the remaining allegations in this paragraph.

6. At that time, Defendant Jackson physically battered the Plaintiff in multiple ways, including but not limited to striking the Plaintiff with his fists, causing him to fall to the ground, thereafter beating him, and placing his firearm in the Plaintiff's mouth, all for no lawful reason, which resulted in, among other injuries, lacerations to the Plaintiff's mouth requiring emergency treatment, as well as other physical, emotional and pecuniary injuries.

**ANSWER:** Officer Jackson admits striking the Plaintiff with his fists. He denies the remaining allegations in this paragraph.

7. The Plaintiff did not resist arrest or give any lawful justification for the Defendant Officer's use of excessive force.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

8. Defendant Jackson used unreasonable and excessive force on the Plaintiff. As a result, the Plaintiff sustained injuries, for which he received treatment at Mount Sinai Hospital.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

9. Thereafter, Defendant Jackson maliciously and without probable cause caused an indictment to be brought against the Plaintiff charging him with Aggravated Battery of a Peace

Officer, in the Circuit Court of Cook County, Illinois, thereby subjecting the Plaintiff to a criminal prosecution in the matter of *People of the State of Illinois v. Nathaniel Taylor*, Case No. 15 CR 17814.

**ANSWER:** Officer Jackson admits that Plaintiff was subject to a criminal prosecution in the matter of *People of the State of Illinois v. Nathaniel Taylor*, Case No. 15 CR 17814. He denies the remaining allegations contained in this paragraph.

10. Aggravated Battery of a Peace Officer is a Class 2 felony, punishable by a term of 3 to 7 years in prison.

**ANSWER:** Upon information and belief, Officer Jackson admits the allegations contained in this paragraph.

11. The Plaintiff was in custody at the Cook County Jail for one week, from the date of the incident until September 16, 2015. Thereafter, he was placed on Electronic Monitoring until March 15, 2016, a period of approximately six months.

**ANSWER:** Officer Jackson lacks sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

12. The charge of Aggravated Battery of a Peace Officer was dismissed on April 19, 2016.

**ANSWER**: On information and belief, Officer Jackson admits that the charge of Aggravated Battery of a Peace Officer was *nolle prosequi*.

13. As a result, the above criminal legal proceeding was terminated in a manner consistent with and indicative of the innocence of the Plaintiff for Aggravated Battery of a Peace Officer.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

14. As a result of the excessive force, the malicious prosecution, and all of the other aforementioned actions by Defendant Jackson, the Plaintiff was physically and emotionally injured. Those injuries include but are not limited to loss of freedom, bodily injury, pain and suffering, humiliation, emotional distress, and legal expense.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

COUNT I – 42 U.S.C. § 1983
Excessive Force
(Plaintiff Against Officer Jackson)

15. Each paragraph of this Complaint is fully restated herein.

**ANSWER:** Each paragraph of this Answer is fully restated herein.

16. The actions of the Defendant Officer constituted an exercise of unreasonable and excessive force. Therefore, the Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures was violated.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

17. As the direct and proximate result of the excessive force, the Plaintiff was physically and emotionally injured as described more fully above.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

COUNT II – STATE LAW CLAIM
Battery
(Plaintiff against the Officer Jackson, City of Chicago)

18. Each paragraph of this Complaint is fully restated herein.

**ANSWER:** Each paragraph of this Answer is fully restated herein.

19. Defendant Officer Matthew Jackson, knowingly and without legal justification, caused bodily harm to the Plaintiff when he intentionally, recklessly, and/or unreasonably struck the Plaintiff about the head and body with his fists and forced his gun into the Plaintiff's mouth, causing injuries.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

20. As described more fully above, this conduct, undertaken within the scope of Officer Jackson's employment with Defendant City of Chicago, constituted unjustified, harmful, intentional and/or reckless and/or offensive physical contact, and proximately caused the Plaintiff's injuries.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

21. The misconduct described in this Count was objectively unreasonable and undertaken intentionally and/or recklessly and with malice, willfully and wantonly, and/or with reckless or willful indifference to the Plaintiff's rights.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

22. The City of Chicago is liable to the Plaintiff based on the doctrine of *respondeat superior.*

**ANSWER:** Officer Jackson lacks sufficient knowledge upon which to form a belief as to the truth of the allegations contained in this paragraph.

COUNT III – STATE LAW CLAIM<br>Malicious Prosecution<br>(Against Matthew Jackson, City of Chicago)

23. Each paragraph of the Complaint is fully restated herein.

**ANSWER:** Each paragraph of the Answer is fully restated herein.

24. Defendant Officer Matthew Jackson caused the commencement of a criminal case against the Plaintiff, to wit, an indictment for aggravated battery of a peace officer, maliciously and without probable cause.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

25. The Aggravated Battery charge was ultimately dismissed, in a manner consistent with and indicative of the Plaintiff's innocence.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

26. This prosecution proximately caused the Plaintiff injuries, including but not limited to loss of liberty, monetary loss, mental and emotional injuries.

**ANSWER:** Officer Jackson denies the allegations contained in this paragraph.

27. The City of Chicago is liable to the Plaintiff based on the doctrine of respondeat superior.

**ANSWER:** Officer Jackson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

COUNT IV – STATE LAW CLAIM<br>Indemnification of Federal Claims

28. Each paragraph of this Complaint is fully restated herein.

**ANSWER:** Each paragraph of this Answer is restated herein.

29. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:** Officer Jackson lacks sufficient knowledge as to whether this paragraph fully or completely states the law.

30. Defendant City of Chicago is the indemnifying entity for the actions of the individual Defendant described herein who took actions under color of law and in the course and scope of his employment with the City of Chicago, and thus Defendant City of Chicago should be liable for any judgment, other than punitive damages, including attorney's fees and costs, obtained against any City of Chicago police officer, including the Defendant Officer.

**ANSWER:** Officer Jackson lacks sufficient knowledge as to whether this paragraph fully or completely states the law.

## AFFIRMATIVE DEFENSES

1. Officer Jackson is a government official, namely a police officer, who performed discretionary functions. At all times material to the events alleged in the Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Officer Jackson could have believed his actions to be lawful, in light of clearly established law and information that he possessed. Therefore, Officer Jackson is entitled to qualified immunity as to the Plaintiff's claims.

2. Officer Jackson's conduct was legally justified. When a police officer has probable cause to believe that a person is committing a crime and during that person's detention and/or arrest physically touches a person and/or uses force necessary to effectuate the arrest, a police officer is justified in touching even if that person did not authorize or consent to the touching or detention by a police officer. Additionally, under the Fourth Amendment, an officer's right to make an arrest, investigatory stop, or other seizure of a person includes the right to use some degree of physical force/touching, but the detention and the use of force must be

objectively reasonable in light of the totality of the circumstances. Graham v. Connor, 490 U.S. 386, 396 (1989).

     3.    To the extent any injuries or damages claimed by plaintiff was proximately caused by the negligent, willful, wanton, and/or other wrongful conduct on the part of plaintiff, any verdict or judgment obtained by him must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to him by the jury.

     4.    Plaintiff has a duty to mitigate his damages, and any damages awarded to plaintiff would be required to be reduced by any amount by which the damages could have been lessened but were not, due to the plaintiff's failure to take reasonable action to minimize those damages.

.

                            Respectfully submitted,

                            s/ Eric S. Palles

                            _____
                            Eric S. Palles, One of the Attorneys for
                            Defendant Officer Matthew Jackson #10136

Gary Ravitz
Eric S. Palles
RAVITZ & PALLES, P.C.
203 N. La Salle, Ste.2100
Chicago, Illinois  60601
(312) 558-1689