IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| **NATHANIEL TAYLOR**, ) | | |
| by his appointed guardian, ) | | |
| **OEINNA JACKSON**, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | 16 CV 8803 | |
| ) | | |
| **CITY OF CHICAGO**, ) | Hon. Judge Charles R. Norgle | |
| a municipal corporation, ) | | |
| **OFFICER MATTHEW JACKSON, #10136**, ) | Hon. Mag. Judge Susan E. Cox | |
| a Chicago Police Officer, ) | | |
| ) | | |
| Defendants. ) | | |

## FIRST AMENDED COMPLAINT

### Jurisdiction/Venue

1. This incident occurred on about September 9, 2015, in the City of Chicago, Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, § 1988, the judicial code 28 U.S.C. § 1331 and § 1343(a); and the Constitution of the United States.

### Parties

3. Plaintiff Oeinna Jackson is the aunt of nineteen-year-old Nathaniel Taylor. They live in Chicago, Illinois. On September 9, 2016, Oeinna Jackson was appointed Nathaniel's legal guardian by a Circuit Court Judge in Cook County. Nathaniel has a cognitive disability—on May 3, 2016, he was reported by a physician to have an IQ of 44.

4. At all relevant times pertinent to this occurrence Defendant Officer Matthew Jackson ("Defendant Jackson") was acting within the course and scope of his employment with the City of Chicago, in Cook County, Illinois, and he was acting under color of law.

### Facts

5. On September 9, 2015, the Plaintiff was walking through the yard of the Defendant Officer Jackson in the City of Chicago, Cook County, Illinois, when he was beaten by Defendant Jackson, a City of Chicago police officer.

6. At that time, Defendant Jackson physically battered the Plaintiff in multiple ways, including but not limited to striking the Plaintiff with his fists, causing him to fall to the ground, thereafter beating him, and placing his firearm in the Plaintiff's mouth, all for no lawful reason, which resulted in, among other injuries, lacerations to the Plaintiff's mouth requiring emergency treatment, as well as other physical, emotional and pecuniary injuries.

7. The Plaintiff did not resist arrest or give any lawful justification for the Defendant Officer's use of excessive force.

8. Defendant Jackson used unreasonable and excessive force on the Plaintiff. As a result, the Plaintiff sustained injuries, for which he received treatment at Mount Sinai Hospital.

9. Thereafter, Defendant Jackson maliciously and without probable cause caused an indictment to be brought against the Plaintiff charging him with Aggravated Battery of a Peace Officer, in the Circuit Court of Cook County, Illinois, thereby subjecting the Plaintiff to a criminal prosecution in the matter of *People of the State of Illinois v. Nathaniel Taylor*, Case No. 15 CR 17814.

10. Aggravated Battery of a Peace Officer is a Class 2 felony, punishable by a term of 3 to 7 years in prison.

11. The Plaintiff was in custody at the Cook County Jail for one week, from the date of the incident until September 16, 2015. Thereafter, he was placed on Electronic Monitoring until March 15, 2016, a period of approximately six months.

12. The charge of Aggravated Battery of a Peace Officer was dismissed on April 19, 2016.

13. As a result, the above criminal legal proceeding was terminated in a manner consistent with and indicative of the innocence of the Plaintiff for Aggravated Battery of a Peace Officer.

14. As a result of the excessive force, the malicious prosecution, and all of the other aforementioned actions by Defendant Jackson, the Plaintiff was physically and emotionally injured. Those injuries include but are not limited to loss of freedom, bodily injury, pain and suffering, humiliation, emotional distress, and legal expense.

## COUNT I – 42 U.S.C. § 1983
### Excessive Force
(Plaintiff Against Officer Jackson)

15. Each paragraph of this Complaint is fully restated herein.

16. The actions of the Defendant Officer constituted an exercise of unreasonable and excessive force. Therefore, the Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures was violated.

17. As the direct and proximate result of the excessive force, the Plaintiff was physically and emotionally injured as described more fully above.

## COUNT II – STATE LAW CLAIM
### Battery
(Plaintiff against the Officer Jackson, City of Chicago)

18. Each paragraph of this Complaint is fully restated herein.

19. Defendant Officer Matthew Jackson, knowingly and without legal justification, caused bodily harm to the Plaintiff when he intentionally, recklessly, and/or unreasonably struck the Plaintiff about the head and body with his fists and forced his gun into the Plaintiff's mouth, causing injuries.

20. As described more fully above, this conduct, undertaken within the scope of Officer Jackson's employment with Defendant City of Chicago,

constituted unjustified, harmful, intentional and/or reckless and/or offensive physical contact, and proximately caused the Plaintiff's injuries.

21. The misconduct described in this Count was objectively unreasonable and undertaken intentionally and/or recklessly and with malice, willfully and wantonly, and/or with reckless or willful indifference to the Plaintiff's rights.

22. The City of Chicago is liable to the Plaintiff based on the doctrine of *respondeat superior*.

### COUNT III – 42 U.S.C. § 1983
### Illegal Pretrial Detention
(Plaintiff Against Officer Jackson, City of Chicago)

23. Each paragraph of the Complaint is fully restated herein.

24. Defendant Officer Matthew Jackson caused the commencement of a criminal case against the Plaintiff—to wit, an indictment for aggravated battery of a peace officer—falsely, maliciously and without probable cause.

25. The Aggravated Battery charge was ultimately dismissed, in a manner indicative of the Plaintiff's innocence.

26. The probable cause determination in this case was predicated solely on Officer Jackson's fabrications regarding the Plaintiff's conduct.

27. As a result, Officer Jackson's false statements proximately caused the Plaintiff to be confined without constitutionally adequate justification.

28. Therefore, the Plaintiff's rights under the Fourth Amendment to the United States Constitution, incorporated to the states and municipalities

through the Fourteenth Amendment, to be secure in his person, papers and effects against unreasonable searches and seizures was violated.

29. As a direct and proximate result of this violation, the Plaintiff suffered physical and emotional damages, as described above.

### COUNT IV – STATE LAW CLAIM
### Malicious Prosecution
(Against Matthew Jackson, City of Chicago)

30. Each paragraph of the Complaint is fully restated herein.

31. Defendant Officer Matthew Jackson caused the commencement of a criminal case against the Plaintiff—to wit, an indictment for aggravated battery of a peace officer—maliciously and without probable cause.

32. The Aggravated Battery charge was ultimately dismissed, in a manner consistent with and indicative of the Plaintiff's innocence.

33. This prosecution proximately caused the Plaintiff injuries, including but not limited to loss of liberty, monetary loss, mental and emotional injuries.

34. The City of Chicago is liable to the Plaintiff based on the doctrine of *respondeat superior*.

### COUNT V – STATE LAW CLAIM
### Indemnification of Federal Claims

35. Each paragraph of this Complaint is fully restated herein.

36. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

37. Defendant City of Chicago is the indemnifying entity for the actions of the individual Defendant described herein who took actions under color of law and in the course and scope of his employment with the City of Chicago, and thus Defendant City of Chicago should be liable for any judgment, other than punitive damages, including attorney's fees and costs, obtained against any City of Chicago police officer, including the Defendant Officer.

### Request for Relief

38. The Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendants, award compensatory damages and attorneys' fees and costs against all Defendants, award punitive damages against the Defendant Officer, and grant any other relief this Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                                      Respectfully submitted,

                                      /s/ Richard Dvorak
                                      Richard Dvorak
                                      One of Plaintiff's Attorneys

Richard Dvorak
Christopher Tinsley
DVORAK LAW OFFICES, LLC
6262 Kingery Highway, Suite 305
Willowbrook, IL 60527

(312) 593-7146 (p)
(312) 873-3869 (f)
richard.dvorak@civilrightsdefenders.com